52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ewin HENRIQUES, Defendant-Appellant.
 No. 94-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: April 18, 1995.
 
 Norman Butler, LAW OFFICES OF HAROLD BENDER, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before HAMILTON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Ewin Henriques, appeals his sentence after entering a guilty plea to one count of conspiracy to possess with intent to distribute heroin and cocaine, 21 U.S.C. Sec. 841(a)(1) (1988), and two counts of use and carry of firearms during the commission of drug trafficking offenses, 18 U.S.C.A. Sec. 924(c)(1) (West 1976 & Supp.1994). Henriques was sentenced to a total of 348 months imprisonment. Henriques argues on appeal that the district court abused its discretion in failing to grant a continuance of the sentencing hearing and that the court's finding that he was a leader or organizer of the crime was clearly erroneous. Finding no error, we affirm the convictions and sentence in all respects.
 
 
 2
 Henriques and two others were named in a three-count indictment charging them with crimes related to their participation in a major cocaine and heroin distribution conspiracy in Charlotte, North Carolina. After Henriques pleaded guilty to all three charges, but before sentencing, his attorney withdrew from further representation. On April 29, 1994, a second attorney was appointed to represent Henriques at his May 24 sentencing hearing. Henriques's attorney received the presentence report on May 5, 1994. On May 12, 1994, Henriques's attorney moved to continue sentencing; the motion was denied. Henriques's attorney filed a second motion for a continuance on May 20, 1994. That motion was not explicitly ruled on, but the record reflects that sentencing occurred as scheduled on May 24.
 
 
 3
 Agent Brigham, from the Immigration and Naturalization Service, testified at sentencing about information obtained through interviews with Henriques and his codefendants. Brigham's testimony established that in 1989, Ewin and Phillip Henriques began selling cocaine and heroin out of motels in Charlotte. The Henriques brothers hired Geoffrey Cousins to package the drugs. As distribution increased, the Henriques brothers moved their activities from motels to a house, and numerous identified persons began selling drugs for them in amounts that eventually totalled from one to three kilograms of heroin and five to fifteen kilograms of cocaine. The Henriques brothers maintained an aura of secrecy around their business. They did not allow their distributors direct access to the house where the drugs were stored. Ewin Henriques provided a handgun for one of the distributors to use for protection while selling cocaine. During a post-plea debriefing session, Ewin Henriques told Agent Brigham that he and his brother acted in concert, but there were periods where he would be gone and his brother "would be running the show in Charlotte and vice versa." Based on this testimony, the district court enhanced Henriques's sentence under USSG Sec. 3B1.1(a)[1] for his role as a leader or organizer in the crimes.
 
 
 4
 Henriques argues that the district court erred in denying his two motions to continue sentencing. We review denials of continuance motions only to discover if the district court abused its broad discretion and if that abuse prejudiced the movant. United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991). Abuse can be found in a denial of continuance only when it can be seen as "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.' " Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). The test for deciding whether the court abused its discretion is not mechanical; it depends on the reasons presented to the court at the time the request is made. United States v. LaRouche, 896 F.2d 815, 823 (4th Cir.), cert. denied, 496 U.S. 927 (1990).
 
 
 5
 In support of the motions to continue the May 24 sentencing, Henriques's attorney argued that he was scheduled to begin a death penalty trial on May 23 and that he would not have enough time to prepare for the sentencing because he only received the presentence investigation report on May 5, and was not made aware of the sen tencing date until May 10. Henriques also asserted, without explanation, that he needed time to obtain copies of the Rule 11 transcript.[2] We find that the court did not abuse its discretion in denying Henriques's motion for a continuance. See Ungar v. Sarafite, 376 U.S. 575, 590 (1964). The district court used Fed.R.Crim.P. 32(c)(3), which required that the defense be provided a copy of the presentence report ten days before imposition of sentence, as a temporal benchmark in finding that defense counsel would have had the presentence investigation report for nearly twice the minimum time required by law prior to sentencing. The court stated that Henriques's case was not overly complex and that it would reconsider the continuance motion if counsel was in fact in trial on May 24. Accordingly, the district court's denial of counsel's motions was not an arbitrary insistence upon expeditiousness in the face of a justifiable request for delay and, therefore, not an abuse of discretion.
 
 
 6
 We similarly reject Henriques's argument that the district court clearly erred in enhancing his sentence under USSG Sec. 3B1.1(a). The trial court's determination that the defendant played an aggravating role in the offense is a factual determination that is subject to the clearly erroneous standard of review. United States v. Smith, 914 F.2d 565, 569 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991). Agent Brigham's unrebutted testimony at sentencing was sufficient to establish Henriques's role as a leader or organizer of a criminal activity that involved five or more participants. See McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); United States v. Bowman, 926 F.2d 380, 381 (4th Cir.1991). Therefore, the district court's determination that Henriques played an aggravating role in the offense was not clearly erroneous.
 
 
 7
 We accordingly affirm Henriques's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Henriques also argues for the first time on appeal that he "needed time to interview unindicted participants, federal agents, review hundreds of pages of discovery and determine whether statements made by the Appellant were made pursuant to a grant of immunity or non-attribution agreement." We decline to consider these additional grounds because they were not presented to the district court. We note, however, that to the extent counsel had some concern over whether Henriques's post-plea statements to Agent Brigham were made pursuant to a grant of immunity, counsel cross-examined Agent Brigham at sentencing but failed to address this issue