**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David P. BOWMAN, Defendant–Appellant.**

No. 89–5824.

United States Court of Appeals, Fourth Circuit.

Argued July 19, 1990.

Decided March 1, 1991.

David Preston Baugh, Richmond, Va., for defendant-appellant.

N. George Metcalf, Asst. U.S. Atty., Richmond, Va., argued (Henry E. Hudson, U.S. Atty., Richmond, Va., on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.

HOUCK, District Judge:

The appellant David P. Bowman (Bowman) was convicted by a jury on October 7, 1989, of one count of conspiracy to distribute cocaine and four counts of distribution

of cocaine. He was acquitted of a count charging participation in a continuing criminal enterprise. Thereafter, he was sentenced pursuant to the Sentencing Reform Act of 1984. This appeal challenges the enhancement of his sentence through the application of § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines.[1]

We affirm.

## I.

The evidence presented at trial indicated that Bowman conspired with others to distribute cocaine in and around the Richmond, Virginia, area. It was also shown that during that conspiracy Bowman arranged to purchase approximately one hundred pounds of marijuana from a government informant named Barry Armstrong, a/k/a "B.A." Armstrong testified essentially the same at trial and at sentencing. On the latter occasion he said that during the marijuana transaction "one of the individuals standing at the end of that aisle opposite of Mr. Bowman opened up his jacket and he had a gun sticking in the waist band of his pants." This testimony was uncorroborated, but the trial judge found it credible and relied on it in applying § 2D1.1(b)(1).

The appellant contends that it was error for the trial court to give such reliance to the uncorroborated testimony of Armstrong. He admits that such was not "clearly erroneous," but cites no authority for his position.

■ Prior to the advent of guideline sentencing virtually no limitations were placed on what a court could consider at sentencing,[2] and it was clear that reliance on uncorroborated hearsay was permissible. *United States v. Shepherd*, 739 F.2d 510

(10th Cir.1984); *United States v. Tracey*, 675 F.2d 433 (1st Cir.1982). There is nothing in the United States Sentencing Guidelines to indicate a change in this rule. To the contrary, a reading of § 6A1.3(a) therein and its Commentary clearly shows that the sentencing rules have not changed. *United States v. Beaulieu*, 893 F.2d 1177 (10th Cir.1990); *United States v. Sciarrino*, 884 F.2d 95 (3d Cir.1989). The type of information to be considered by a sentencing judge is still unlimited. He may give weight to any reliable source of information, and where the reliability of evidence is an issue the court should conduct an evidentiary hearing to determine the same.

■ The sentencing judge in the instant case carefully followed the above procedure. The presentence report advised the appellant of the evidence he would be faced with at sentencing. The testimony in question was given under oath in open court where appellant had an opportunity to observe the witness, cross examine him and present evidence in rebuttal of his testimony. We, therefore, conclude that the trial judge properly considered the uncorroborated testimony of Armstrong in finding that Bowman did possess a weapon during the commission of the offense in question.[3]

## II.

Bowman next claims that the firearm had an erroneous effect on his sentence because he was not charged in the indictment with possession of a firearm or with aiding or abetting another person to possess the same. He bases this argument on the notice requirements of the Sixth Amendment to The United States Constitution.[4]

---

1. Section 2D1.1(b)(1) provides as follows:
   (b) Specific Offense Characteristics
   (1) If a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels.

2. Title 18 U.S.C. § 3661 provides as follows:
   No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence.

3. It plays no part in this decision, but it is interesting to note that almost the identical testimony was considered by the trial jury without objection.

4. The Sixth Amendment provides as follows:
   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district

382

No cases are cited in support of this position, and we have found none interpreting the Sixth Amendment in such a context. The courts have, however, traditionally evaluated claims such as that here advanced by the appellant "under the broader protections of the Due Process Clause of The Fourteenth Amendment," *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S.Ct. 989, 1000, 94 L.Ed.2d 40 (1987), and we shall do likewise here.

■ In the case of *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the appellant complained about the unlimited nature of the information that the court was permitted to consider at sentencing and urged, among other things, that such a procedure denied him reasonable notice of the charges against him in violation of his due process rights protected by the Fourteenth Amendment. His argument was rejected by the United States Supreme Court, which clearly recognized the difference between a criminal defendant's constitutional rights at trial and at sentencing. The court had the following to say:

> That the due process clause does provide these salutary and time-tested protections where the question for consideration is the guilt of a defendant seems entirely clear from the genesis and historical evolution of the clause.
>
> Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations. But both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.

*Id.* at 245–46, 69 S.Ct. at 1082 (citation and footnotes omitted). This does not mean, however, that a defendant has no due pro-

cess rights at sentencing. He clearly has a right not to be sentenced on the basis of "misinformation of a constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Beaulieu*, 893 F.2d 1177 (10th Cir.1990). "This right is protected by the requirement that the defendant be given adequate notice of and an opportunity to rebut or explain information that is used against him." *United States v. Beaulieu*, 893 F.2d 1177, 1181 (10th Cir. 1990).

■ The procedure employed at Bowman's sentencing has been described above and will not be repeated. The same clearly afforded him all of his Sixth Amendment notice rights, and his claim of error in that regard is without merit.

Accordingly, the sentence of the district court is affirmed.

AFFIRMED.

---

wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.