974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
George Mychol GRAY, Defendant-Appellant.
 No. 91-5431.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: September 9, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-91-61)
 ARGUED: Stephen Douglas Herndon, Wheeling, West Virginia, for Appellant.
 Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 ON BRIEF: William A. Kolibash, United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George Mychol Gray was convicted upon a plea of guilty to distributing cocaine base (crack) within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The corresponding sentencing guidelines for this offense are U.S.S.G. § 2D1.1(a)(3) and 2D1.2(a)(1). Gray's plea agreement stipulated that the amount of crack constituting relevant conduct under the guidelines was at least three but less than four grams. According to the presentence report, however, the pertinent amount was 4.36 grams.
 
 
 2
 The district court determined that the amount specified in the presentence report was correct. The court referred to the Drug Quantity Table, U.S.S.G. § 2D1.1(c)(10), which mandates a base offense level of 24 where 4.36 grams of cocaine base are involved. In accordance with U.S.S.G. 2D.1.2(a)(1), the court increased that level by two points because the offense occurred near a protected location, a school. Accordingly, Gray's base offense level was 26.
 
 
 3
 The sole issue on appeal is whether the district court correctly calculated the amount of cocaine base constituting relevant conduct. Because quantity of drugs is a finding of fact, we review the district court's calculation under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740, 741-42 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990). Finding no error, we affirm.
 
 
 4
 On March 3, 1991, an informant purchased from Gray three rocks of crack weighing .67 grams. On March 10, 1991, a second informant bought three pieces of crack weighing .59 grams. The informants gave the crack they purchased to law enforcement officers. On May 11, 1991, the first informant told officers that Gray had shown him a baggie containing between twelve and fifteen rocks of cocaine and that Gray was traveling to an athletic club. A uniformed officer stopped Gray in his vehicle near the club. A search of the area under the driver's seat of Gray's vehicle yielded thirteen chunks of crack weighing 2.5 grams. The total amount of crack obtained on these three occasions was 3.76 grams.
 
 
 5
 The dispute in this case centers on events of March 15, 1991, when a confidential informant purchased three rocks of crack from Gray. Instead of turning the crack over to authorities, the informant smoked it. Terry Crawford, an investigating officer, testified at the plea proceeding that officers monitored this transaction. Based on Gray's prior sales of crack, Crawford estimated the total weight of the rocks purchased and smoked by the informant to be .60 grams.
 
 
 6
 The conclusion in the presentence report that the relevant quantity of drugs was 4.36 grams reflects the .60 grams estimated to have been consumed plus the 3.76 grams referenced above.[1]
 
 
 7
 The guidelines address the situation where there is a discrepancy as to a sentencing factor between the presentence report and a stipulation in the plea agreement. In such a case, "[t]he court is not bound by the stipulation but may with the aid of the presentence report, determine the facts relevant to sentencing." U.S.S.G. § 6B1.4, Policy Statement. See United States v. Easterling, 921 F.2d 1073, 1079 (10th Cir. 1990), cert. denied, 59 U.S.L.W. 3782 (U.S. 1990). Where, as here, there exists a discrepancy as to a sentencing factor, the court may resolve the dispute by considering relevant information, regardless of its admissibility under the rules of evidence, as long as "the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), Policy Statement.
 
 
 8
 The district court in this case properly included the estimated .60 grams of crack consumed on March 15 in arriving at Gray's base offense level. Sworn testimony revealed that the informant was wearing a transmitter during the transaction, which officers monitored and tape recorded as it occurred. Further, in light of the quantity of crack purchased in similar transactions on March 3 and March 10, 1991, Officer Crawford's estimate of the weight of the crack involved on March 15 was reasonable.[2]
 
 
 9
 We conclude that the district court correctly calculated that 4.36 grams of crack constituted relevant conduct for sentencing purposes.
 
 The sentence appealed from is accordingly
 
 10
 AFFIRMED.
 
 
 
 [1]
 Contrary to Gray's assertion, the government never stated that it lacked sufficiently credible evidence to prove that Gray distributed .60 grams of crack on March 15. Rather, the government entered into the stipulation because the absence of laboratory analysis of the crack consumed on that date might pose some difficulty in proof beyond a reasonable doubt
 
 
 [2]
 We accordingly reject Gray's contention that Crawford's testimony was improperly admitted because it was based on the statements of an unreliable informant that he had purchased and smoked three rocks of crack. We recently have held that a sentencing judge may consider any type of information, including hearsay, in determining a sentence, provided that the information is sufficiently reliable. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991); see also U.S.S.G. § 6A1.3(a). In light of the simultaneous monitoring of the March 15 transaction and Gray's prior sales involving three rocks of crack weighing roughly 60 grams, there was sufficient corroboration of the informant's statements to warrant the court's reliance on Crawford's testimony in sentencing