12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joseph BROST, a/k/a Anthony Frost,
Defendant-Appellant.
 No. 92-5209.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1993.
Decided: November 17, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 W. Frank Cantrell, for Appellant.
 John S. Simmons, United States Attorney, Gregory P. Harris, Assistant United States Attorney, Hugh Buyck, Third Year Law Student, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Anthony Brost appeals his sentence of forty-eight months imprisonment following his conviction by a jury on several drug charges. Because the district court's finding by a preponderance of the evidence that Brost was involved in the distribution of over 200 grams of cocaine was not clearly erroneous, we affirm.
 
 
 2
 This Court must give due regard to the district court's judgment on the credibility of witnesses and accept the court's factual findings unless they are clearly erroneous. United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). Calculating drug quantities is a factual determination, thus we review for clear error. Id. Under the Sentencing Guidelines, the Government must prove a minimum of 200 grams of cocaine to sustain Brost's sentence based on his base offense level of twenty. See id. n.8; United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(12)-(13) (Nov. 1991).
 
 
 3
 The district court adopted the probation officer's computation that 255 grams of cocaine were attributable to Brost. Brost concedes that the Government proved 27.3 grams and 13.2 grams which arose out of transactions charged in Counts Two and Four of his indictment, respectively. Thus, 40.5 grams were established.
 
 
 4
 Brost disputes a quantity of cocaine which he, according to testimony heard by the district court, possessed on August 24, 1989. He contends that this 2-ounce quantity is the same cocaine which he was acquitted of selling in Count Three and amounts to only 34.4 grams. We find that the district court did not clearly err in finding that these two quantities were in fact different and that the approximately 57 grams were attributable to Brost. Thus, approximately 97.5 grams of cocaine were established.
 
 
 5
 Finally, we find that the district court properly relied upon the trial testimony of Pam Callen to establish at least 114 grams of cocaine. See United States v. Bowman, 926 F.2d 380 (4th Cir. 1991) (sentencing judge may rely on any information, including hearsay, which it finds reliable); United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir.) (defendant "does not have an absolute right to confront witnesses whose information is made available to the[sentencing] court"), cert. denied, 497 U.S. 1038 (1990). This additional amount of cocaine pushes the total attributed to Brost over the 200-gram mark. We find that the evidence relied upon by the district court possessed sufficient indicia of reliability to support its probable accuracy. Uwaeme, 975 F.2d at 1021.
 
 
 6
 Therefore, we affirm Brost's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED