UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WILLIE BRUEN, a/k/a Junior, a/k/a
Willie Bruenton,
Defendant-Appellant.

No. 94-5941

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-93-281)

Argued: November 1, 1995

Decided: April 15, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: William Stimson Trivett, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Michael Fran-
cis Joseph, Assistant United States Attorney, Greensboro, North Car-
olina, for Appellee. ON BRIEF: William E. Martin, Federal Public
Defender, Greensboro, North Carolina, for Appellant. Walter C. Hol-

ton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Bruen appeals from his convictions for distribution of cocaine and money-laundering. Finding no reversible error, we affirm.

I.

Willie Bruen and nine codefendants were named in a fourteen count indictment filed on December 20, 1993 in the United States District Court for the Middle District of North Carolina. Count One charged all defendants with conspiring to possess with the intent to distribute, and with actual distribution of, cocaine and marihuana in violation of 21 U.S.C. §§ 841 and 846. Count Two charged Bruen and three others with a money laundering conspiracy in violation of 18 U.S.C. §§ 1956 and 1957.

Bruen pled not guilty to both counts. At the first trial in March 1994, the jury was unable to reach a unanimous verdict as to Bruen and the court declared a mistrial. Prior to the second trial in July 1994, the district court denied Bruen's motions to exclude a firearm and $980 found during a search of his home, and to exclude testimony regarding a sale of crack cocaine from his home. Following the second trial, the jury returned verdicts of guilty and the court sentenced Bruen to one hundred seventy months imprisonment, sixty months supervised release, and a special assessment of $100.00.

2

II.

Bruen now claims the district court erred in denying his motions to exclude evidence. We review the court's evidentiary rulings under the abuse of discretion standard. United States v. Anjou, 16 F.3d 604, 610 (4th Cir. 1994), cert. denied, 114 S.Ct. 2754 (1994).

A.

During a search of Bruen's home on November 20, 1992, police seized a coffee grinder containing cocaine residue, lactose, small plastic bags, two small pieces of crack cocaine found in a car Bruen had driven shortly before the search, $980 taken from a lock box under Bruen's bed, a loaded firearm found under Bruen's mattress, a small digital scale with traces of cocaine, a vial that showed the presence of crack cocaine, a plastic bag containing 12.08 grams of cocaine, and a set of triple beam scales. Bruen was home when the search warrant was executed.

Bruen argues that the firearm and cash were not relevant or, in the alternative, were prejudicial. As we have recognized before, firearms are the "tools of the trade" for drug dealers. See United States v. White, 875 F.2d 427, 433 (4th Cir. 1989). Cash is also an important part of the drug business. The firearm and cash were located in proximity to traces of cocaine and implements used to dilute, weigh and package cocaine. Bruen's attempts to explain his possession of these items do not prevent the jury from weighing the evidentiary value of these items. Accordingly, the district court did not abuse its discretion in finding that the firearm and cash were relevant to the charges facing Bruen and there was no prejudicial error in admitting this evidence.

B.

Officer Connie Southern of the Winston-Salem Police Department testified that during an undercover assignment on November 5, 1992 she met Paul Farabee, transported him to the vicinity of Bruen's home, and purchased crack cocaine from him. Officer Barry Rountree testified that he observed Farabee walk from Southern's vehicle to

3

Bruen's residence at 921 Sprague Street, knock on the door, and enter the house. Rountree did not see who opened the door. Five minutes later, Farabee left the house and returned to Southern's car. Wilma Bruen, the wife of Willie Bruen, testified that her husband was in New York on November 5, 1992.

Bruen argues that evidence of a crack cocaine sale is not relevant to the charge of conspiracy to distribute cocaine. Crack cocaine and cocaine may be treated differently for purposes of sentencing, but they are considered the same controlled substance for other purposes. See 21 U.S.C. § 812; United States v. Deisch, 20 F.3d 139, 150-51 (5th Cir. 1994). Therefore, a crack sale out of Bruen's home is relevant to the charge that he distributed that same controlled substance.

Bruen next attempts to characterize the crack sale as "character evidence" which should have been excluded under Rule 404(b) prohibiting evidence "to prove the character of a person in order to show that he acted in conformity therewith." Fed. R. Evid. 404(b). Bruen's reliance on this rule is mistaken. The crack sale was not offered as character evidence and falls under several well-known exceptions to the rule, as it is relevant to Bruen's opportunity to sell crack, knowledge of crack sales in his home, and access to cocaine. See Fed. R. Evid. 404(b).

Accordingly, the district court did not abuse its discretion in finding that the crack sale was relevant to the charges facing Bruen.

III.

Bruen also contends there was insufficient evidence to support his convictions for conspiracy to possess cocaine with the intent to distribute and with actual distribution of cocaine, and for conspiracy to commit money laundering. We review the jury's verdicts to see if they are supported by substantial evidence, taking the view most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942), reh'g denied, 315 U.S. 827 (1942).

A.

The elements of the crime of conspiring to distribute cocaine are (1) that a conspiracy existed, (2) that the defendant had knowledge of

4

the conspiracy, and (3) that defendant willingly participated in the conspiracy. United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992).

The government offered the testimony of several witnesses in addition to evidence of the crack sale and items seized during the raid of Bruen's home that showed it to be a place where cocaine was diluted, weighed, packaged, stored, and distributed.

James Benjamin testified that he assisted Melvin Sanders in setting up a tire store and gas station, which remained in Benjamin's name even though Sanders was the owner and provided cash to run the operation. Bruen began working for Sanders at the tire store in December, 1991. Benjamin testified that he stored cocaine for Sanders and that Bruen picked up a foil-wrapped package containing cocaine on one occasion from Benjamin's house. Benjamin had not opened the package.

Nathan Brown testified that he obtained a total of 10 to 12 kilograms of cocaine from Sanders, some of which was received from the tire shop. Brown also testified that he obtained cocaine from Bruen at the tire shop in October, 1992. At the second trial Brown testified he received one kilogram.

Construed in a light most favorable to the government, the testimony of Brown and Benjamin, the testimony of Southern and Rountree regarding the crack sale, and the cocaine residue and drug selling equipment found at Bruen's home constituted substantial evidence for a jury to infer Bruen knowingly and voluntarily participated in a conspiracy with Sanders and others to distribute cocaine.

B.

The elements of the crime of money laundering are (1) that the defendant knowingly used money derived from cocaine sales (2) to conduct a financial transaction (3) which was designed to disguise or conceal the source, ownership, or control of the money. United States v. Baker, 985 F.2d 1248, 1252 (4th Cir. 1993), cert. denied, 114 S.Ct. 682 (1994).

5

Bruen admits that Sanders drove him to the North Carolina Department of Motor Vehicles, where he obtained a driver's license in the name of Willie Bruenton.

H.C. Aldridge, the district supervisor for the North Carolina Alcohol Law Enforcement office in Winston-Salem, testified that his office received an application for a liquor license for a Studio 54 in Winston-Salem from a Willie Bruenton. Bruen admitted that he had applied for the license on the behalf of Sanders, and that he used the name Bruenton because this was the name on his North Carolina driver's license.

IRS Special Agent Dan Guerrini testified that Sanders made cash purchases of $323,000 in 1991 and $135,000 in 1992, but that Sanders had not filed tax returns and did not have a legitimate source of income after 1989. In addition, Guerrini searched Sanders' New York home and found records relating to Studio 54, including a lease agreement for the club property and receipts totaling $60,000 for rental and purchase payments on the property, both in the name of Willie Bruenton. At the time, Bruen worked in Sanders' tire store and also earned $700 per month as a security guard for Studio 54.

Construed in the light most favorable to the government, the testimony of Guerrini and Aldridge, Bruen's transactions on behalf of Sanders using a false name, and Bruen's involvement in cocaine distribution constitute substantial evidence for a jury to infer that Bruen was trying to conceal the proceeds of cocaine sales.

IV.

Bruen also claims that the district court erred in calculating the amount of drugs attributed to Bruen. Sentencing guideline application issues are reviewed under a "due deference" standard of review, whereby a primarily factual application approaches the clearly erroneous standard of review, and legal application is reviewed de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). At sentencing a court must rely on evidence that has a sufficient indicia of reliability to support its probable accuracy. United States v. Bowman, 926 F.2d 380 (4th Cir. 1991).

6

The district court attributed 11 kilograms of cocaine to Bruen based on the testimony of Lewis Gibbs. This is a factual determination reviewed under the clearly erroneous standard. Although Gibbs is allegedly addicted to crack and at times produced conflicting testimony, the district court noted that his testimony was partly corroborated by police surveillance, wiretaps of Sanders' phone, items seized in the search of Bruen's home, and the testimony of Brown and Benjamin. Based on the totality of the evidence, the court determined that Gibbs' testimony was more likely true than not true. The district court's assessment of the credibility of Gibbs' testimony was not clearly erroneous, and Bruen's sentence was proper.

V.

For the reasons set forth above, Bruen's conviction is

AFFIRMED.

7