**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5605

ORIENTHIA JEROME MCDOWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-94-212)

Submitted: April 9, 1996

Decided: April 23, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Clifton T. Barrett, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Orienthia Jerome McDowell appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base, § 21 U.S.C.A. § 846 (West Supp. 1995), and carrying or using a firearm during the commission of a drug crime. 18 U.S.C.A.§ 924(c)(1) (West Supp. 1995). The court sentenced McDowell to 135 and 60 months, respectively. He now challenges the sufficiency of the evidence, the admission of certain evidence, and the court's calculation of his base offense level. Finding no error, we affirm.

The Government indicted McDowell for drug activity in the period "prior to May 19, 1994, up to and including August 9, 1994, the exact dates to the Grand Jurors unknown," and introduced testimony relating to his drug activity beginning in October 1993. While two undercover agents and another witness testified against McDowell, his conviction was based primarily on the testimony of his coconspirator, Brian Williams. Williams testified McDowell sold him cocaine base approximately twenty to twenty-five times between October 1993 and August 9, 1994, in half ounce, quarter ounce, and gram amounts. Williams also testified that he and McDowell planned the robbery of an undercover agent to whom Williams sold cocaine base. After the agent paid Williams for the drugs, McDowell robbed the agent while holding a semi-automatic handgun to the agent's head.

First, McDowell claims the district court erred by denying his FED. R. CRIM. P. 29 motion for judgment of acquittal. This court reviews such a denial under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 505 U.S. 1228 (1992). To sustain a conviction, the evidence viewed in the light most favorable to the government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

2

To support a conviction under § 846, the government must show the existence of a conspiracy and the defendant's knowledge of and voluntary joinder in that conspiracy. United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992). To support a conviction under § 924(c)(1), the government must show the defendant actively employed a firearm "during and in relation" to a drug trafficking offense. Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492).

Looking at the evidence in the light most favorable to the Government, Williams's testimony alone was sufficient to support McDowell's conviction. The uncorroborated testimony of one witness may be sufficient to sustain a guilty verdict, United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984), even if the witness is a codefendant. United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3819 (U.S. June 7, 1993) (No. 92-8621). Williams testified that McDowell provided him the cocaine base sold to the undercover agent involved in the planned robbery, helped plan the robbery, and supplied Williams continuously since October 1993 with cocaine base. His testimony alone was sufficient to sustain Williams's conviction.

Second, McDowell alleges the district court improperly admitted Williams's testimony about McDowell's early drug activity. McDowell claims the indictment precluded Williams from testifying about any drug activity preceding May 19, 1994.

This claims fails because the indictment does not preclude such testimony. Rather, it specifies that the criminal events occurred "prior to May 19, 1994." The indictment specifically includes activity occurring before May 19, thus notifying McDowell that such evidence may be introduced.

Further, even if the indictment were construed to specify that the criminal acts started on May 19, 1994, the district court did not abuse its discretion by admitting Williams's testimony because it "'sufficiently related to the charged offense.'" See United States v. Mark, 943 F.2d 444, 447-48 (4th Cir. 1991) (quoting United States v. Rawle, 845 F.2d 1244, 1247, n.3 (4th Cir. 1988)). Such testimony is admissi-

3

ble if it is necessary to complete the story of the crime on trial. <u>United States v. Kennedy</u>, 32 F.3d 876, 885-86 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500). Williams's testimony about McDowell's early drug activity completed the story of the crime on trial by explaining their friendship, which often centered on their joint drug activities. Williams's testimony established his long-standing relationship with McDowell and his knowledge of McDowell's activities which led to the charged offense. Thus, the district court did not abuse its discretion by admitting the testimony.

Third, McDowell claims the district court erred by relying on Williams's testimony to calculate McDowell's relevant conduct for his base offense level. McDowell claims Williams's testimony was unreliable and uncorroborated. However, a district court may rely on the uncorroborated hearsay testimony of a coconspirator to determine a defendant's relevant conduct. <u>United States v. Bowman</u>, 926 F.2d 380, 381 (4th Cir. 1991). Further, McDowell offers no proof that the district court's factual findings as to relevant conduct were clearly erroneous. <u>See United States v. Adams</u>, 988 F.2d 493, 495 (4th Cir. 1993). McDowell offers only the insufficient conclusory allegations that Williams was an unreliable witness.

Accordingly, we affirm McDowell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>