**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5512

RODNEY JEROME SUMLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-91-107)

Argued: July 19, 1996

Decided: September 10, 1996

Before ERVIN, Circuit Judge, and BUTZNER and PHILLIPS,
Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lawrence Jay Fine, Winston-Salem, North Carolina, for
Appellant. Douglas Cannon, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee. **ON BRIEF:** Walter C.
Holton, Jr., United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Sumler appeals two aspects of his resentencing proceedings: the district court's two-level sentencing enhancement for obstruction of justice and the imposition of a fine. On both issues, we affirm.

I

A jury convicted Rodney Sumler on 22 counts arising out of an extortion scheme involving the Board of Aldermen in Winston-Salem, North Carolina. The facts are set forth in our decision in United States v. Hairston, 46 F.3d 361 (4th Cir. 1995). In Hairston, we affirmed 18 of the 22 counts, reversed a count of perjury, and vacated three other counts for being cumulative. We remanded the case for resentencing for consideration of Sumler's ability to pay a fine and because we had vacated or reversed four counts.

We review a district court's factual findings underlying sentencing for clear error. 18 U.S.C. § 3742(e) (Supp. 1996). The statute directs appellate courts to give "due deference" to a court's application of the guidelines to the facts of each case. Id. "Due deference" is a phrase of flexible interpretation, ranging from clear error review for factual findings to de novo review for legal determinations. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

II

Sumler first challenges the court's assessment of two points under the sentencing guidelines for his obstruction of justice. The guidelines provide that a court should increase the offense level by two points for defendants who willfully obstruct or impede the administration of justice. USSG § 3C1.1. The guidelines offer as an example of ob-

2

struction the production of a false document during an official investigation or judicial proceeding. USSG § 3C1.1, comment. (n.3(c)). The court found that Sumler engaged in the obstruction of justice by creating false records of past events after receiving a subpoena to produce his own records and the records of an institution with which he dealt. We find no error.

The defendant also challenges the enhancement for obstruction of justice as "double counting," claiming that he had already been penalized for such conduct in the racketeering and conspiracy counts of the indictment. We reject this claim, as the racketeering and conspiracy counts did not form the basis for the district court's sentence. In imposing an offense level, the court grouped together all of the counts on which Sumler was convicted. It then adopted the guideline application in the presentence report. The presentence report set the offense level at 24, based on the offense that (together with enhancements) resulted in the highest level--extortion. Obstruction of justice is not an element of most extortion offenses. See USSG § 2C1.1, comment. (backg'd.). We find no "double counting" and affirm on this issue.

As an aside, we note that the district court, in its grouping of offenses, incorrectly included six counts (Counts 3, 4, 8, 19, 20, and 28) that occurred before November 1, 1987, the effective date of the Sentencing Guidelines. Nevertheless, this did not affect the offense level, since Sumler was convicted on three counts of extortion that occurred after November 1, 1987: counts 12, 13, and 15. These counts, standing alone, result in the offense level calculated by the district court.

Next, Sumler claims that he did not have notice of the obstruction of justice enhancement. We do not accept this assertion. The presentence report describes conduct that forms the basis for an enhancement based on obstruction of justice. Sumler was on notice that the court could consider this conduct, and he had the opportunity to "rebut or explain" this information. United States v. Bowman, 926 F.2d 380, 382 (4th Cir. 1991) (citation omitted).

III

The Sentencing Guidelines categorically state that a court "shall impose a fine in all cases except where the defendant establishes that

3

he is unable to pay and is not likely to become able to pay any fine." USSG § 5E1.2. The defendant bears the burden of demonstrating his present and prospective inability to pay. Hairston, 46 F.3d at 376. In this case, Sumler responded to the district court's numerous requests for financial information by offering only incomplete and inconsistent responses. He did not submit an affidavit describing his financial situation, choosing instead to rely on the secondary knowledge provided by his wife in her affidavit. A defendant does not meet his burden by frustrating the court's ability to assess his financial condition. Id. at 377. The district court's imposition of the fine was proper.

AFFIRMED

4