UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5800

WESLEY BROWN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5802

EDWARD JOHNSON,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-184-A)

Submitted: August 22, 1996

Decided: September 10, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Battle, ROBERT E. BATTLE, P.C., Alexandria, Virginia;
Eric M. Weight, WEIGHT & WEIGHT, Alexandria, Virginia, for

Appellants. Helen F. Fahey, United States Attorney, Glenn C. Alexander, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Wesley Brown and Edward Johnson were convicted in a bench trial of possessing more than five grams of crack cocaine with intent to distribute on August 2, 1994, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). The district court found them not guilty of conspiracy. Both appeal their convictions, alleging that the evidence was insufficient. They appeal their sentences on the grounds that the amount of crack attributable to each of them as relevant conduct was wrongly calculated, USSG §§ 1B1.3, 2D1.1,[1] and that the district court failed to resolve their objections to the presentence report. Johnson also contends that two prior sentences for misdemeanors were improperly included in his criminal history score. We affirm.

The government's evidence at trial showed that on August 2, 1994, Brown and Johnson met in Woodbridge, Virginia, at the house of Mary Ashby, who is Brown's sister and Johnson's cousin. Ashby was then working as a confidential informant. Brown told Ashby he was going into Washington, D.C., to get crack and asked her for the keys to her disabled Mustang so he could store the crack in it when he returned. Brown left with Johnson and a friend of Johnson's. Later in the evening, police videotaped a car with three men in it which stopped in front of Ashby's house. At trial, Ashby identified the men in the video as Brown, who got out of the car, opened the Mustang

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

and put something in it, Johnson, who shook hands with Brown after the Mustang was closed again, and Johnson's friend, who had been at her house with him earlier. After the men left, police found 9.55 grams of crack in the glove compartment of the Mustang.

A conviction must be sustained if there is substantial evidence to support it when the evidence and reasonable inferences from it are viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942). The government was required to prove knowing possession of the crack with intent to distribute on the part of both Brown and Johnson. United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 506 U.S. 926 (1992). Possession may be actual or constructive; to show constructive possession, the defendant must exercise, or have power to exercise, dominion and control over the item. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). Dominion and control need not be exclusive to the defendant. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). Ashby and her nephew, Domonic Bradley, testified that both Brown and Johnson had obtained crack and sold it during 1993 and 1994. The videotape showed them sharing possession or constructive possession of 9.55 grams of crack. Possession of an amount of drugs too large for personal use establishes intent to distribute. Rusher, 966 F.2d at 879. Nine grams is an amount consistent with dealing rather than personal use. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 10, 1996) (No. 95-9398). On the evidence presented, the evidence was sufficient to convict Brown and Johnson.

Based on trial testimony from Ashby and Bradley and a statement given by Brown to Drug Enforcement Administration agents after his arrest, the probation officer recommended that the total relevant conduct for both Brown and Johnson was 952 grams of crack. The recommended base offense level was 38 (500 grams to 1.5 kilograms of crack). USSG § 2D1.1. In his statement, Brown admitted that he collaborated with Johnson in making purchases totalling more than 500 grams of crack for distribution between October of 1993 and August of 1994. The probation officer suggested that Johnson was responsible for the whole amount even though he was incarcerated from December 22, 1993, to March 16, 1994, and under intensive supervision from March 18, 1994, to June 8, 1994, because he acted in con-

3

cert with Brown and all of Brown's purchases were reasonably foreseeable to him. See USSG § 1B1.3(a)(1)(B).

On appeal, Appellants argue that in adopting the probation officer's recommendation the district court considered unreliable evidence, should have used a clear and convincing standard of proof, and should not have considered conduct prior to the offense of conviction. We find none of these arguments persuasive. The testimony given by Ashby and Bradley was corroborated by Brown's own statement. A preponderance of the evidence standard is properly used to decide factual questions at sentencing. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986). And relevant conduct in drug offenses may include acts which were outside the count of conviction but part of the same course of conduct. USSG § 1B1.3(a)(2). Moreover, the Defendants' due process rights were not violated by the court's consideration of Brown's statement even though the statement was excluded from evidence at trial[2] because they had notice of the statement and the opportunity to rebut it. United States v. Bowman, 926 F.2d 380, 382 (4th Cir. 1991). Johnson and Bowman were sentenced together, so Johnson had the opportunity to cross-examine Brown about the statement. He did not do so.

We find no merit in Appellants' claim that the court failed to resolve their objections concerning relevant conduct. The district court's adoption of the recommended finding in the presentence report adequately resolved the issues they raised because the ruling was clear. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994).

Last, Johnson objected in his sentencing memorandum to having two prior sentences of 180 days and 9 months probation for misdemeanor convictions counted in his criminal history because the District of Columbia records did not show conclusively that he was represented by counsel. He also suggested that his probationary sentence might have been revoked and a prison term imposed. Under

_____

[2] The statement was not admitted at trial because defense counsel did not receive until the day of trial an additional incriminating statement by Brown which was in the agent's notes but not in the DEA report provided during discovery.

4

Nichols v. United States, 511 U.S. 738, #6D6D 6D# (1994), a prior uncounseled misdemeanor conviction is valid and may be used to enhance the sentence for a subsequent offense only if no prison term was imposed. See also Scott v. Illinois, 440 U.S. 367, 373-74 (1979) (no constitutional right to counsel when no prison term imposed for misdemeanor offense).

Johnson conceded at sentencing that the District of Columbia Code requires that all defendants facing a loss of liberty have representation unless they waive it, see D.C. Code Ann.§ 11-2602 (1991), but contended that the government had failed to prove that he was represented. However, he provided no evidence that he lacked representation in connection with either of the prior convictions or that his probation had been revoked in the second case. While a defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel, Custis v. United States, 511 U.S. 485, ___ (1994), he bears the burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 110 (4th Cir. 1992), cert. denied, 507 U.S. 939 (1993); see also Parke v. Raley, 506 U.S. 20, 28-34 (1992) (presumption of regularity attached to final judgments makes it appropriate that defendant have burden of showing invalidity of prior plea). Because Johnson failed to show by a preponderance of the evidence that he lacked counsel, the district court did not err in awarding criminal history points for both convictions.

We therefore affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5