**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-5044

GARY LYNN HARDISON,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-5100

GALE LEE OLIVER, JR.,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-5262

GARY LYNN HARDISON,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-5263

GARY LYNN HARDISON,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-235-MU)

Argued: September 24, 1996

Decided: January 27, 1997

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Norman Butler, LAW OFFICE OF HAROLD BENDER,
Charlotte, North Carolina, for Appellants. Robert James Conrad, Jr.,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Milton C. Grimes, Santa Ana, California, for
Appellant Oliver. Mark T. Calloway, United States Attorney,
Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises from the guilty pleas and convictions of defen-
dants Gary Lynn Hardison and Gale Lee Oliver for violations of 21

2

U.S.C. §§ 846, 841(a)(1) and Title 18 U.S.C. § 2 after Charlotte-Mecklenburg Police, acting with an informer in an October 3, 1994 sting operation, arrested them in a hotel room with seven kilograms of cocaine. The pleas of guilty were subject to appeal of the denial of their suppression motions with respect to the evidence obtained at the time of their arrest. There are two issues on appeal. First, both defendants contend that the district court's denial of their motion to suppress the fruits of a warrantless search violated their Fourth Amendment rights. Second, Hardison claims that at his sentencing hearing the court erred by improperly relying on hearsay testimony when it denied his motion for a downward departure pursuant to U.S.S.G. § 5C1.2, the first offender exception.

We affirm.

I.

Officer Saucic of the Charlotte-Mecklenburg Police Department received information on October 3, 1993 from an informant that Dorian Rogers' (a narcotics dealer) people from California would be arriving the evening of October 3rd, and Saucic and the informant, Gilmore, set up a delivery of seven kilograms of cocaine for October 4th. After a delay, Officer Saucic had his informer, Gilmore, arrange a meeting with Rogers to buy the drugs.

Acting on this information, Officer Ensminger rented two rooms (rooms 229 and 231) at the Fairfield Inn, paying with police department funds. He registered room 231 in Gilmore's name and 229 in his own name. The officers arranged to leave a key to room 231 at the desk for Rogers to pick up. Informant Gilmore was wired in order that he could signal the officers waiting in room 229 to enter. The officers arranged that once Gilmore was in room 231 and had been shown the cocaine, Gilmore would signal by talking about the cocaine. The police positioned officers around the hotel as well as in room 231.

Rogers paged Gilmore at about seven o'clock p.m., and Gilmore then called Rogers to confirm the hotel location. Once Rogers, Hardison, and Oliver had all arrived they went to room 231. Officer Ensminger testified that upon receiving the pre-arranged signal indicating Gilmore had seen the cocaine, the officers waiting in room 229

3

moved into the hallway, then knocked at 231, announced their presence, and entered room 231. Once in the room the officers saw in plain view the seven kilograms of cocaine in an open suitcase. The officers arrested the defendants.

On March 7, 1994 Hardison moved for the suppression of the hotel room search, and Oliver was permitted to join in that motion. On June 6, 1994 the magistrate held a hearing on the matter and on June 9 issued a memorandum and recommendation recommending that the motion be denied. The district court, upon a de novo review, issued an order denying the motion to suppress. The district court declined to apply § 5C1.2 of the Sentencing Guidelines and sentenced Hardison to 121 months. The defendants appeal.

II.

The defendants argue that the holding in Minnesota v. Olson, 495 U.S. 91 (1990), should extend to include a hotel room guest who is in the room with the permission of the person who is in actual or apparent control of the hotel room. In Olson, however, the Court found that the defendant possessed a legitimate expectation of privacy in the home of his host because the defendant was an overnight guest. Olson, 495 U.S. at 100. This socially accepted expectation of privacy thus gave the defendant standing to contest the warrantless search. Olson, 495 U.S. at 99-100.

Here, however, the magistrate judge, by distinguishing Olson effectively demonstrated the manner in which the facts in the instant case in no way call for an extension of Olson :

> The defendants in the instant case did not rent the hotel room, nor were they in lawful occupancy thereof. The room was rented by a Charlotte-Mecklenburg Police Officer with city funds in the name of an informant, and the officers in the adjacent room had a key. They were in the room temporarily and for the single purpose while a cocaine deal involving cocaine in which they have asserted no property interest was being concluded by their travelling companion and co-defendant [Rogers]. They had no proper personal relationship with Louis Gilmore, the informant, in whose name the

4

room was rented by the Charlotte-Mecklenburg Police Department. . . . Although one might suppose that they did not expect to be observed, their subjective expectation of privacy as they watched the cocaine transaction is not one that society is prepared to recognize as reasonable. In light of these facts, the suggested analogy between these defendants and the longer-term house guest is not so strong -- and in fact far too weak -- to justify the extension of the Minnesota v. Olson analysis and holding.

We find that Hardison and Oliver lacked an expectation of privacy "rooted in understandings that are recognized and permitted by society," Olson, 495 U.S. at 100 (internal quotations omitted). Thus, they cannot invoke the protection of the Fourth Amendment.

To the same end and effect, the district court relied on Illinois v. Rodriguez, 497 U.S. 177, 181 (1990), and United States v. Matlock, 415 U.S. 164, 171 (1974), for the proposition that a warrantless entry is valid when based upon the consent of a third party whom the police at the time of the entry reasonably believed possessed common authority over the premises. In the case at hand, Gilmore was a police informant, and the room was rented in his name. Gilmore signalled the officers when to come in. Certainly this was within his authority over the premises, the rent for which had been paid by the police. So the magistrate judge and the district court reached the same conclusion by two equally valid theories.

III.

Additionally, Hardison argues that it was clearly erroneous for the district court to deny his motion for sentencing under the Sentencing Guidelines pursuant to U.S.S.G. § 5C1.2 without respect to any statutory minimum sentence. Title 18 U.S.C. § 3553(f)(1)-(5) permits a defendant under Title 21 U.S.C. § 846 to be sentenced without regard to the statutory minimum sentence when the defendant satisfies the five requirements of section 3553(f) (see U.S.S.G.§ 5C1.2).

Normally, 18 U.S.C. § 841(b)(1)(A) would require a statutory minimum sentence of 10 years where Hardison was convicted of possession of more than 5 kilograms of cocaine. 18 U.S.C.

5

§ 841(b)(1)(A)(ii)(II). Moreover, pursuant to the Sentencing Guidelines, Hardison's possession of 7 kilograms of cocaine puts his base offense level at 32. Given his criminal history category of I, it was within the district court's discretion to sentence Hardison to 121-151 months.

However, if Hardison were given the benefit of the§ 5C1.2 first-time offender provision, as he argues he deserves, under Sentencing Guidelines § 2D1.1(b)(4), his base offense level would be decreased two levels to 30, thereby decreasing the sentencing range to 97-121 months.

While the parties did not disagree that Hardison met the first four requirements, the district court found that the defendant did not meet the fifth criteria. The fifth prerequisite to obtain the benefit of the first-time offender provision is as follows:

> (5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were a part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful or other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5). Thus the defendant must be forthcoming in the information he has given to the government with respect to the offense or offenses that were a part of the same course of conduct or a common scheme or plan.

The district court had heard all the evidence in the case. The presentence report of the probation officer did not recommend applying Guideline 5C1.2. In addition to that, the district court heard testimony from the defendant Hardison and, as well, from the FBI case agent in charge of the investigation, Agent Roepe. Hardison admitted to only a limited knowledge of the drug distribution conspiracy.

Agent Roepe testified as to Hardison's further undisclosed involvement. The agent noted that Hardison, upon his arrest, had admitted he was a member of the Crips gang. Based on Roepe's own investigation and ongoing DEA investigations, he also testified that during the six months prior to his arrest Hardison participated in a conspiracy to transport cocaine throughout the country via commercial airlines. Further, he related that upon Hardison's October arrest, officers had seized telephone books from both Hardison and Oliver which contained the telephone number for one K.D., whom agents had reason to believe was Kenny Dorsey, a fugitive in a Drug Enforcement Administration case. Roepe also testified as to hearsay information he had obtained by de-briefing Dorian Rogers, one of Hardison's co-defendants, as well as Roger's brother which implicated Hardison of having an ongoing involvement in the drug trafficking conspiracy.

In light of this evidence the district court denied Hardison's motion for sentencing under § 5C1.2 because the court found:

> [Hardison was] being evasive and concealing his full involvement. . . . Based on the examination of the defendant and the FBI agent, it appears that the defendant is deeply involved in the drug trafficking business, and that characterizing him as a first-time offender is a mischaracterization and would distort the effect of Congress' allowance of an exception because he does not qualify for it.

Hardison complains that the agent's testimony was uncorroborated and thus the government did not meet its burden of showing Hardison had not been truthful and forthcoming with the court. Further, Hardison argues his due process rights were violated because portions of Roepe's testimony constituted hearsay.

The Sentencing Guidelines, however, do not limit the type of information the sentencing judge may consider. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991) (district court may consider any reliable evidence at sentencing, including hearsay).

We are of opinion that the finding of the district court, that Hardison was not being forthcoming is a finding of fact which is not clearly

7

erroneous, and its conclusion that § 5C1.2 does not apply is free from error.

The convictions of the defendants and the sentence of Hardison are accordingly

AFFIRMED.

8