**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4279

WILLIE MAE THOMAS-INGRAM, a/k/a
Willie Mae White, a/k/a Poochie
Thomas,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-83-V)

Submitted: April 30, 1998

Decided: May 18, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Thomas G. Walker, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Mae Thomas-Ingram appeals the sixty-three month sentence she received after pleading guilty to bank fraud and aiding and abetting bank fraud. Thomas-Ingram contends that the district court's factual findings at the sentencing hearing were erroneous because the court accepted the Government's hearsay evidence over her own testimony in determining to impose certain Guidelines **1** enhancements and deny certain reductions. For the reasons that follow, we affirm.

We review a district court's factual findings underlying sentencing for clear error. See 18 U.S.C.A. § 3742(e) (West Supp. 1998). The statute directs appellate courts to give "due deference" to a court's application of the Guidelines to the facts of each case. Id. "Due deference" is a phrase of flexible interpretation, ranging from clear error review for factual findings to de novo review for legal determinations. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). In determining facts relevant to sentencing, courts are not limited to consideration of evidence which would be admissible at trial. See 18 U.S.C. § 3661 (1994). Thus, the sentencing court may even consider uncorroborated hearsay, so long as the defendant is provided an opportunity to rebut or explain it. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). Section 6A1.3(a) of the Guidelines, which provides that otherwise inadmissible evidence may be considered so long as the information contains "sufficient indicia of reliability to support its probable accuracy," does not restrict the court's ability to consider reliable hearsay. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). For sentencing purposes, judges may consider any reliable information. Id. (finding reliable uncorroborated testimony of confidential informant).

_____

**1 U.S. Sentencing Guidelines Manual**, ("U.S.S.G. or Guidelines") (1995).

Thomas-Ingram, pursuant to the recommendation of the presentence report ("PSR"), received a 4-level enhancement as an organizer and a 2-level enhancement for obstructing justice, see USSG §§ 3B1.1(a), 3C1.1, and was denied a reduction for being a minor or minimal participant. See USSG § 3B1.2. She alleges that the district court erred in denying her objection to the PSR based upon its flawed credibility determinations at the sentencing hearing. At the hearing, a Secret Service agent testified based upon statements made to him by Thomas-Ingram's co-conspirators and other evidence gathered in the investigation. According to the agent's testimony, Thomas-Ingram was the instigator and organizer of the bank fraud scheme. She encouraged her co-conspirators to open the various fraudulent accounts, supplied fraudulent checks to deposit in these accounts, and divided the ill-gotten funds between the co-conspirators. Despite her counsel's cross-examination of the agent and Thomas-Ingram's testimony to the contrary, the sentencing judge accepted the Government's evidence and imposed sentence accordingly. [2] The credibility of Thomas-Ingram's testimony is best resolved by the trial judge, and we will not second guess the court's findings of fact under these circumstances. See Bowman, 926 F.2d at 381.

Accordingly, we affirm Thomas-Ingram's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
[2] Thomas-Ingram alleges no error in the court's interpretation or application of the Guidelines other than its factual findings at the sentencing hearing.

3