**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5127

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALOYSIUS T. FOKKOUN-NGASSA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:06-cr-00153)

Submitted: October 24, 2007          Decided: November 6, 2007

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Wartel, LOWE, CARLO & WARTEL, LLP, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aloysius T. Fokkoun-Ngassa appeals his convictions and 33-month sentence imposed following the jury verdict of guilty on twelve counts of aiding in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2) (2000). On appeal, he challenges the sufficiency of the evidence and the amount of loss attributed to him at sentencing. Finding no error, we affirm.

Fokkoun-Ngassa, a tax preparer, was indicted on multiple charges of aiding in the preparation of a false tax return. At trial, the Government presented the testimony of seven taxpayers for whom Fokkoun-Ngassa prepared returns. Each of them testified that Fokkoun-Ngassa had used an incorrect filing status and/or overstated deductions for them, resulting in an increase in the amount of a tax refund the taxpayer would receive. The taxpayers testified that they had not provided Fokkoun-Ngassa with any information to support the deduction amounts.

The Government also presented evidence that employees in Fokkoun-Ngassa's office entered only identification information and W-2 information into the computer-assisted tax-preparation software used to prepare the taxpayers' returns. Fokkoun-Ngassa was the only person who entered deduction information and he was the only person in the office who signed tax returns as the preparer. An IRS special agent testified that she posed as a client and requested that Fokkoun-Ngassa prepare her return. In doing so, he

created deductions for mileage, gifts to charity, dry cleaning, and professional dues and supplies, for which the agent was not authorized, resulting in a refund of $1500 more than she was allowed based on the information that she provided. She testified that Fokkoun-Ngassa repeatedly stated that he would try to help her.

Fokkoun-Ngassa presented the testimony of his brother that office workers did, in fact, enter deduction information into the computer system and that, given the volume of returns handled by the office, the erroneous returns for which he was charged were likely the result of mistakes, not willful conduct. In reviewing sufficiency of the evidence, all credibility determinations are resolved in favor of the Government. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

We find that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence to support the jury's verdict of guilty on the twelve charges of aiding in the preparation of a false tax return for which Fokkoun-Ngassa was convicted. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (providing elements of § 7206(2) offense).

Fokkoun-Ngassa also argues that his sentence was enhanced improperly based on uncharged and acquitted conduct. However, contrary to Fokkoun-Ngassa's arguments, the sentencing court may

consider uncharged and acquitted conduct in determining a sentence, as long as the conduct is proven by a preponderance of the evidence.  See United States v. Watts, 519 U.S. 148, 151-52, 157 (1997); United States v. Bowman, 926 F.2d 380, 381-82 (4th Cir. 1991) (uncharged conduct); United States v. Isom, 886 F.2d 736, 738 (4th Cir. 1989) (acquitted conduct).  This rule remains valid after United States v. Booker, 543 U.S. 220 (2005).  See United States v. Mercado, 474 F.3d 654, 657 (9th Cir. 2007) (collecting cases), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 8, 2007) (No. 07-5810); see also United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that preponderance of the evidence standard continues to apply after Booker), cert. denied, 127 S. Ct. 121 (2006).

We find that the sentencing court did not clearly err in finding that the tax loss attributable to Fokkoun-Ngassa's conduct exceeded $200,000.  See United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992) (providing standard).  Accordingly, we affirm Fokkoun-Ngassa's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED