**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4865

MICHAEL HILL, a/k/a Saleet, a/k/a
Steve Philip, a/k/a Junito Tomilson,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CR-96-42)

Submitted: September 9, 1997

Decided: September 29, 1997

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dean R. Davis, Wilmington, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, John S. Bowler, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Hill appeals the 234-month sentence imposed by the district court upon his guilty plea to conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (1994). Hill claims that the district court abused its discretion by denying his motion for production of the presentence reports (PSRs) of certain government witnesses. Hill also claims that the district court erred by counting a prior uncounseled misdemeanor conviction in determining his criminal history score and in its determination of the amount of crack cocaine for which he was responsible. Finding these claims to be without merit, we affirm.

Hill entered into a plea agreement with the government in which he admitted that, between January 1, 1991, and May 28, 1996, he had conspired with others to traffic in crack cocaine in North Carolina. After Hill signed the plea agreement, he filed a motion to release the PSRs of ten named government witnesses "for use in cross-examination of them at sentencing," claiming that the reports "undoubtably contain impeachment evidence." The district court denied Hill's motion.

This court has held that "[t]he district court is under no duty to conduct an in camera examination of a requested PSR unless the accused has first clearly specified the information contained in the report that he expects will reveal exculpatory or impeachment evidence." United States v. Trevino, 89 F.3d 187, 192 (4th Cir. 1996). The defendant must "plainly articulate how the information contained in the PSR will be both material and favorable to his defense." Id. at 192-93. Hill's motion failed to identify any specific information which would be either material or favorable to his defense. Moreover, prior to the entry of his plea, he was afforded "open file" discovery which would have revealed the very information he sought through the PSRs.

2

Accordingly, we find that the district court did not abuse its discretion in denying Hill's motion.

Hill next maintains that the district court erroneously included a prior uncounseled misdemeanor conviction in calculating his criminal history score. The Supreme Court has held that prior uncounseled misdemeanor convictions may be considered by a sentencing court in sentencing a defendant for a subsequent offense so long as the previous conviction did not result in a sentence of imprisonment. See Nichols v. United States, 511 U.S. 738, 746 (1994). Hill pled guilty in 1993 to driving on a revoked license--a misdemeanor--for which he was not sentenced to a term of imprisonment. Accordingly, as Hill concedes in his brief, this claim is foreclosed by Nichols.

Finally, Hill claims that the district court clearly erred by attributing 1.5 kilograms of crack cocaine to him for purposes of sentencing under the guidelines.* Specifically, Hill maintains that the district court improperly relied upon the "hearsay testimony" of "biased witnesses." This court reviews the district court's findings on drug amounts only for clear error. See 18 U.S.C.§ 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447). The government need only prove drug quantities by a preponderance of the evidence, see United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990), and the district court may consider hearsay testimony in making its determination. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). The burden is upon the defendant to show that the information contained in the PSR is inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Here, the district court adopted the findings in the PSR which were based upon interviews with witnesses who had prior drug dealings with Hill. Hill presented no evidence at the sentencing hearing to refute the government's evidence. Therefore, we find that the district court did not clearly err in this determination.

Accordingly, we affirm Hill's sentence. We dispense with oral argument because the facts and legal contentions are adequately pres-

_____

*U. S. Sentencing Guidelines Manual § 2D1.1 (1995).

3

ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4