UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4787

MELVIN E. JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-136)

Submitted: June 16, 1997

Decided: July 28, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Charles P. Rosen-
berg, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin E. Jackson pled guilty to all counts in a thirteen count indictment including six counts of conspiracy to file false claims for tax refunds in violation of 18 U.S.C. § 286 (1994), and seven counts of filing false claims for refunds in violation of 18 U.S.C. § 287 (1994). Jackson alleges that the district court erred during sentencing by violating his due process rights when it failed to hold an evidentiary hearing. He also contests the four-level increase in his base offense level under U.S. Sentencing Guidelines Manual § 1B1.3 (1997). Finding no error, we affirm.

Jackson is an inmate at the Lorton Correctional Facility. Jackson and other Lorton inmates schemed to file false income tax returns from prison. Each 1040 tax form was completed with identical information for each category resulting in an identical amount of refund claimed. All of the returns were false. None of the inmates filing the form had the income claimed or were entitled to the refund. The Internal Revenue Service (IRS) received twenty-eight of the fraudulent returns from Lorton inmates. Jackson's distinctive handwriting appeared on some portion of nearly every return and/or envelope used to mail the return.

The IRS issued twenty-eight refund checks in the amount of $722 to the inmates at either their prison address or an outside address provided on the return. Jackson received payment from the inmates ranging from $100 to $200 for his assistance in preparing and filing the returns. A search of Jackson's locker pursuant to a warrant produced evidence linking Jackson to the returns; the evidence included the names, addresses, and social security numbers of the inmates involved in the tax fraud scheme. Based on the filing of twenty-eight returns, the district court held Jackson responsible for a loss to the IRS of $20,216, the sum of the twenty-eight refunds of $722 each. Jackson did not challenge the amount.

2

Jackson first argues that the trial court denied him due process when it refused to permit him the opportunity to participate in an evidentiary hearing to dispute the facts related to his role in the offense as an organizer or leader under USSG § 3B1.1(a). The record does not reflect that Jackson specifically requested such a hearing.* However, Jackson contends that he was entitled to an evidentiary hearing as a matter of right.

Under USSG § 6A1.3, an evidentiary hearing may be utilized if there are disputed issues regarding sentencing; however, a hearing is not required. The process for resolving disputes is left to the discretion of the district court. See USSG § 6A1.3, comment. (noting that the parties should have an opportunity to present evidence on disputed factors which are important to sentencing, but "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances"). Under Fed. R. Crim. P. 32(c)(1), a court may in its discretion allow parties to introduce evidence regarding objections to the Presentence Investigation Report (PSR).

Jackson relies upon United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), to support his argument that if issues are disputed at sentencing an evidentiary hearing is required. Fatico does not require such a hearing. Fatico states that an evidentiary hearing is sometimes a reliable way to resolve disputed issues. See Fatico , 603 F.2d at 1057-58 n.9. Further, this circuit has never held that an evidentiary hearing is required to resolve disputed matters at sentencing. Only when the reliability of evidence is an issue has this court held that an evidentiary hearing is necessary. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). Because our review of the record does not reveal that an evidentiary hearing was necessary to resolve a factual dispute, this claim lacks merit.

Jackson makes two arguments in passing about the sufficiency of the evidence regarding his role in the offense. He argues that the district court could not impose the sentencing enhancement because it could not have found by a preponderance of the evidence that Jackson

---

*Indeed, when asked whether he wanted to be heard on Jackson's role in the offense, counsel stated, "Your Honor, I submit on the pleadings." (J.A. 119).

3

was a leader or organizer because the evidence was hearsay, and the defendants were not cross-examined during an evidentiary hearing. Reliable hearsay evidence may be considered for sentencing purposes. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). In addition, we have held that it is proper for the PSR to form the factual basis for a sentencing judge's findings. See United States v. Terry, 916 F.2d 157, 160 (4th Cir. 1990) (citation omitted). Finally, Jackson filed written objections to the PSR which the district court considered. The court gave Jackson the opportunity to be heard on his written objections to the role in the offense enhancement and he waived the opportunity to be heard. Therefore, the district court did not err in relying upon the PSR and the written objections.

Finally, to the extent that Jackson attempts to challenge the sufficiency of the evidence based upon his written objections, his claim is without merit. Whether a role in the offense enhancement is proper is a factual question, and the court's determination will be disturbed on appeal only if it is clearly erroneous. See United States v. Borden, 10 F.3d 1058, 1063 (4th Cir. 1993). Jackson's handwriting was on portions of most of the twenty-eight returns. Jackson admitted to the loss associated with the twenty-eight returns, thereby acknowledging his connection to a scheme involving twenty-eight individuals. In addition he pleaded guilty to acting in concert with six other inmates. Application of the enhancement for criminal activity involving five or more participants was not error. See USSG§ 3B1.1(a).

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4