**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4448

DONNA M. WALTERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Thomas A. Wiseman, Jr., District Judge.
(CR-95-58)

Submitted: October 30, 1998

Decided: January 25, 1999

Before WILKINSON, Chief Judge, and WIDENER and ERVIN,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Calvin E. Murphy, MURPHY & CHAPMAN, P.A., Charlotte, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donna M. Walters appeals from her conviction, following a jury trial, of conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Walters contends that the district court erred in denying her motion to suppress, admitting testimony of a co-conspirator's statement, and calculating the amount of drugs attributable to her. Finding no error, we affirm.

On February 15, 1995, Special Agent Terry A. Tadeo of the Bureau of Alcohol, Tobacco, and Firearms, and Charlotte Police Officer T.E. Bevins were conducting surveillance of Walters' residence. They observed Walters leave the premises driving a vehicle registered to her. A search of the vehicle revealed a pouch of marijuana located behind the driver's seat. Walters and a passenger, Linda Ellis, were arrested for possession of marijuana. Ellis waived her Miranda* rights and informed the officers that she had been smoking crack cocaine in Walters' residence prior to the traffic stop and that there was "possibly" more crack inside the residence. Based largely on Ellis' statement to the authorities, the officers applied for and received a search warrant for Walters' residence from a state magistrate. The application for the warrant, however, omitted any reference to the date or time that Ellis was in Walters' residence smoking crack or exactly when she observed the crack in the residence. Further, the application omitted any reference to the date or time that Ellis provided this information to the officers, upon which the magistrate relied in issuing the search warrant.

A search of Walters' residence revealed a box of .380 ammunition and the defendant's resident alien card. Behind the house, the officers

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

2

located a set of triple-beam scales, and in the trash can, which was pushed up against the side of the house, the officers found partially empty boxes of baking soda, dozens of baggies with the corners removed, and packaging commonly used for wrapping narcotics.

After conducting a hearing, the magistrate judge recommended granting Walters' motion to suppress the evidence found at her residence. The district court, however, declined to accept the magistrate judge's recommendation and denied the motion to suppress. The district court found that the search of the residence was constitutionally valid because the officers' conduct fell within the good faith exception to the warrant requirement. The district court found that there was no evidence that the officers were dishonest or reckless in preparing the affidavit to support the warrant. The court further concluded that given all of the information available to the officers, "the officers' beliefs in the existence of probable cause and their reliance on the state court magistrate's determination of probable cause were not objectively unreasonable." (J.A. Vol. I, at 47).

Walters contends on appeal that the district court erred in finding that the search was lawful under the good faith exception to the warrant requirement. She asserts that under the circumstances, the officers could not have harbored an objectively reasonable belief in the existence of probable cause.

On motions to suppress evidence, this court reviews the district court's factual findings under the clearly erroneous standard and reviews the legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Under the good faith exception to the warrant requirement, evidence obtained from a defective search warrant will not be suppressed unless one of the following situations is present: (1) the officers were dishonest or reckless in preparing their affidavit; (2) the magistrate acted as a rubber stamp for the officers; (3) the magistrate did not have a substantial basis for determining the existence of probable cause; or (4) the officers could not have harbored an objectively reasonable belief in the existence of probable cause. See United States v. Leon, 468 U.S. 897, 926 (1984). A reviewing court may proceed to the good faith exception without first deciding whether there was probable cause to support the warrant. See

3

Leon, 468 U.S. at 925; United States v. Legg , 18 F.3d 240, 243 (4th Cir. 1994).

Without deciding whether the affidavit was sufficient to establish probable cause, we find that the facts and circumstances set out in the affidavit provided the officers with an objectively reasonable belief in the existence of probable cause. The officers were present at Walters' residence and observed Walters and Ellis leave the premises in Walters' car. The officers stopped the car as it was leaving the premises and a search revealed marijuana. Ellis stated that she had been smoking crack in Walters' residence just prior to being stopped. Further, the officers were aware that Walters had been arrested four previous times for possession with intent to sell or deliver cocaine, including an arrest just six weeks prior to the instant offense. On the facts, we find that the district court properly denied Walters' motion to suppress the evidence based on the Leon good faith exception.

Next, Walters contends that the district court abused its discretion in admitting witness testimony regarding Walters' statements to a co-conspirator. She asserts that a statement allegedly made to co-conspirator Stacy Dooley that "[Walters] would pistol whip Dooley for messing up her drugs," was inadmissible hearsay offered only to show Walters' propensity for violence.

We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

The district court correctly concluded that Scotty McKnight's testimony regarding the telephone conversation where Walters threatened to pistol-whip Dooley was not inadmissible hearsay. The Government tendered the evidence to show that Walters had a gun and that she would use the weapon to facilitate the objectives of the conspiracy. See United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (noting that "it is not unreasonable to recognize that weapons have become `tools of the trade' in illegal narcotics operations"). We find that the district court's admission of the testimony was not an abuse of discretion.

4

Lastly, Walters contends that the district court erred in calculating the amount of crack cocaine attributable to her for sentencing purposes. We review the trial court's factual determinations as to drug quantity for sentencing purposes for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir.), cert. denied, -- U.S. --, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447). If the defendant objects to a quantity recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection. U.S. Sentencing Guidelines Manual § 6A1.3 (1997); United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). In calculating the drug quantity attributable to a defendant, the district court may consider any relevant evidence before it, including hearsay testimony. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). The government must establish the quantity attributable to the defendant by a preponderance of the evidence, and may do so through the introduction of relevant and reliable evidence. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

The district court found an aggregate amount of at least 500 grams of cocaine base, or "crack" cocaine, attributable to Walters through her involvement in the conspiracy. The district court based this finding on the testimony of multiple witnesses, as summarized by Officer Tadeo at the sentencing hearing. Specifically, Steven Roland testified that he was involved in, or witnessed, transactions with Walters for 205.54 grams of crack cocaine. Further, transcripts of tape recorded telephone conversations were introduced at trial, showing that Walters agreed to sell 127.58 grams of crack cocaine to co-conspirators. In addition, Walters confessed to distributing approximately 105 grams of crack within the two months prior to her arrest. Finally, when Walters was arrested, a search of her car revealed 20.5 grams of crack cocaine. Based on the above transactions, the district court found that the amount of crack cocaine attributable to Walters was in excess of 500 grams. The sum of these transactions was actually less than 500 grams of crack cocaine. Notwithstanding the district court's mathematical miscalculation, however, a review of the trial transcript, on which the district court relied in determining the amount of drugs, reveals an additional sale of 56.7 grams of crack cocaine which was witnessed by Stacey Dooley. (Supp. J.A. 185). Thus, the district court's finding that Walters sold more than 500 grams of crack cocaine was not clearly erroneous.

5

Accordingly, we affirm Walter's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

6