ON PETITION FOR REHEARING

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                   No. 01-4771

AUBREE CARDALL MITCHELL,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-00-263)

Submitted: July 25, 2002

Decided: August 15, 2002

Decision on Rehearing Filed: November 22, 2002

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

R. Bruce Wallace, WALLACE & WALLACE, Charleston, South
Carolina, for Appellant. Nancy Chastain Wicker, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pursuant to a guilty plea to conspiring to possess with intent to distribute and to distribute over fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000), Aubree Cardall Mitchell was sentenced to 120 months imprisonment and five years supervised release. Mitchell's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's calculation of Mitchell's sentence, but stating that there are no meritorious issues for appeal. Mitchell filed a pro se supplemental brief asserting he received ineffective assistance of counsel. We granted rehearing, and upon further review, we affirm Mitchell's conviction and sentence.

Mitchell, through counsel, questions the reasoning behind the district court's decision to: (1) convert cash seized incident to Mitchell's arrest to a drug quantity, and (2) enhance Mitchell's sentence by two levels for possession of a dangerous weapon. Because Mitchell withdrew all objections to the presentence report and waived appellate review of the district court's findings, our review is for plain error. Fed. R. Crim. P. 52(b); *see also United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Mitchell contends that the district court may have erred in converting approximately $1300 cash confiscated from his person to one ounce of crack cocaine for sentencing purposes. We have held that the conversion of money derived from drug trafficking to its equivalent drug amount is permissible. *United States v. Hicks*, 948 F.2d 877, 882-83 (4th Cir. 1991). Furthermore, a review of the record reveals sufficient evidence to support the district court's conclusion. Mitchell waived any objection to the amount or the origin of the cash and drugs seized, and admitted to his participation in a drug distribution conspiracy. Based upon these facts, we find that Mitchell's state-

ments, and the drugs and cash seized, support the district court's determination that the money was derived from the same cocaine trafficking conspiracy to which he pled guilty. *Hicks*, 948 F.2d at 882; *United States v. Johnson*, 943 F.2d 383, 387-88 (4th Cir. 1991); *United States v. Bowman*, 926 F.2d 380, 381-82 (4th Cir. 1991).

Mitchell next argues that the district court erred in finding that he used a dangerous weapon in the commission of a drug crime under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). In 1998, law enforcement officers arrested Mitchell and three other coconspirators and seized weapons and drugs from the vehicle they were in. Mitchell admitted to possessing one of the firearms, but denied ever shooting it. The guidelines state, though, that a two-level enhancement applies for the mere possession of a dangerous weapon, unless it is clearly improbable that the weapon was connected with the offense. USSG § 2D1.1, comment. (n.3). Furthermore, this court has recognized that weapons such as firearms are the tools of the drug trade. *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989). According to statements he made to the probation officer, Mitchell admitted to possessing the firearm while conducting drug activity. Therefore, Mitchell's possession of the firearm during drug activity satisfies the requirements for applying the two-level enhancement, regardless of whether Mitchell discharged the firearm.

In his pro se supplemental brief, Mitchell raises several claims of ineffective assistance of counsel. However, unless counsel's ineffectiveness conclusively appears on the face of the record, such claims are not properly considered on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, they may be raised in a motion under 28 U.S.C. § 2255 (2000). Because it does not conclusively appear on the record that counsel was ineffective, the claims in Mitchell's pro se brief are not cognizable on direct appeal.

We therefore affirm the judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*