**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4550**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROSS LANCE PRICE,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00035-RLV-DCK-12)

─────────────

Submitted: November 24, 2008    Decided: December 15, 2008

─────────────

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ross Lance Price pled guilty to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846(a)(1), (b)(1)(A) (2006), and one count of possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (2006). On appeal, he claims the district court erred in arriving at the drug quantity for sentencing purposes. Finding no error, we affirm.

Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(1)(B) (2007), in determining the proper base offense level to apply to a defendant involved in a drug conspiracy, the defendant is responsible for his own acts, as well as for "all reasonably foreseeable acts" of his co-conspirators taken in furtherance of the joint criminal activity. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999); United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The Guidelines do not require precise calculations of drug quantity, as the district court's approximation is not clearly erroneous if supported by competent evidence. Randall, 171 F.3d at 210. If the district court relies on the drug quantity included in the PSR, the defendant bears the burden of establishing that the information is incorrect, as "mere objections are insufficient." Id. at 210-11.

2

We review for clear error the district court's drug quantity determination. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). In determining relevant conduct, the district court may consider any relevant and reliable evidence before it, including hearsay. United States v. Bowman, 926 F.2d 380, 381-82 (4th Cir. 1991). In fact, hearsay alone can provide sufficiently reliable evidence of drug quantity. United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992). Hearsay statements of co-conspirators may be considered reliable. See United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998). The Government has the burden of establishing the amount of drugs used for sentencing calculations by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996).

We find the district court did not clearly err in arriving at the drug quantity. Price's arguments on appeal challenging the drug quantity are too general, speculative and without evidentiary support.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3