**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4739**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

NYRON JOEL NICHOLS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, Chief District Judge.  (7:07-cr-00006-gec-1)

_____

Submitted:  April 15, 2011          Decided:  May 20, 2011

_____

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nyron Joel Nichols was convicted by a jury of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, and a measurable quantity of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), three counts of distributing a measurable quantity of cocaine powder, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm in furtherance of a drug trafficking offense and/or using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court imposed a life sentence on the offenses involving cocaine base, with concurrent 240-month sentences on the offenses involving cocaine powder, and a consecutive sixty-month sentence on the firearm offense. We affirm.

On appeal, Nichols first contends that the indictment was defective. Our review of the record leads us to conclude that Nichols' claim is without merit, and in any event, because Nichols failed to assert this claim before trial, it is waived. Fed. R. Crim. P. 12(b)(3), (e).

Nichols next contends that the district court's forfeiture order was improperly entered because none of the offenses of conviction were forfeiture related, and the jury did not decide the forfeiture issue. A defendant who is convicted

of a drug trafficking offense shall forfeit property obtained as a result of the offense. 21 U.S.C. § 853 (a)(1); United States v. McHan, 345 F.3d 262, 267-68 (4th Cir. 2003). Moreover, although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right. Fed. R. Crim. P. 32.2(b)(5). After reviewing the record, we conclude that Nichols was convicted of an offense requiring forfeiture of property obtained in connection with that offense, and waived his right to have a jury decide the forfeiture issue.

Next, Nichols challenges the sufficiency of the evidence supporting his convictions. We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal

3

quotation marks omitted). "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To establish Nichols' guilt under 21 U.S.C. § 846, the evidence must show that: (1) an agreement to possess and distribute cocaine powder and cocaine base existed between two or more people; (2) Nichols knew of the conspiracy; and (3) Nichols knowingly and voluntarily became a part of the conspiracy. United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). To establish Nichols' guilt under 21 U.S.C. § 841(a)(1), the evidence must show that: (1) Nichols possessed cocaine powder and cocaine base; (2) he had knowledge that he possessed cocaine powder and cocaine base; and (3) he intended to distribute the cocaine powder and cocaine base. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). Our review of the record leads us to conclude that the evidence overwhelmingly established that Nichols was guilty beyond a reasonable doubt of the drug offenses.

To establish Nichols' guilt under 18 U.S.C. § 924(c), the evidence must show that Nichols: (i) committed a drug

trafficking crime; and (ii) possessed a firearm in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A). As previously noted, Nichols committed several drug trafficking offenses. However, whether a firearm furthered, advanced, or helped forward one of Nichols' drug trafficking crimes is a question of fact. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). After reviewing the record, we conclude that the evidence likewise overwhelmingly established that Nichols was guilty beyond a reasonable doubt of the § 924(c) offense.

Nichols next claims that several items of evidence were prejudicial and improperly admitted at trial. We review a district court's evidentiary rulings for abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A district court abuses its discretion when its decision to admit evidence was arbitrary and irrational. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). A district court's evidentiary rulings are subject to review for harmless error under Fed. R. Crim. P. 52. United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008). Evidence is unfairly prejudicial when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks, citation, and

5

alteration omitted). Our review of the record leads us to conclude that the district court did not abuse its discretion in admitting the challenged evidence.

Nichols next claims that the Government committed prosecutorial misconduct in offering perjured testimony. In support of his claim that the Government's witnesses perjured themselves, he points to alleged inconsistencies between the witnesses' trial testimony and various other pieces of evidence in the case. Despite Nichols' effort to characterize this claim as one of prosecutorial misconduct, it is, at bottom, nothing more than an attack on the credibility of the Government's witnesses. By convicting Nichols, however, the jury found that the Government's witnesses were credible, and we do not review the jury's credibility determinations on appeal. United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007).

Nichols next claims that the incarcerated witnesses that testified at his trial were all kept in the same holding cell at the courthouse, thereby giving them the opportunity to discuss and coordinate their testimony, in violation of the Fed. R. Evid. 615. Federal Rule of Evidence 615 provides in part that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." We conclude that nothing in the rule requires that witnesses be

6

separated before or after their testimony. Accordingly, we find Nichols' claim without merit.

Nichols next claims that the Government violated his constitutional rights by failing to turn over witness statements and other evidence that was allegedly exculpatory in nature. To establish a violation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), a defendant must show that the Government withheld evidence that was favorable to the defendant and that was material as to his guilt or innocence. Id. at 87. After reviewing the record, we conclude that Nichols has not established that the Government failed to turn over exculpatory evidence.

Nichols also argues that his sentence is procedurally and substantively unreasonable. This Court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 50 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range or failing to consider the § 3553(a)factors." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must make an individualized assessment based on

the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

Nichols challenges the district court's determination of the drug weight attributable to him, and claims that it considered unreliable evidence in making its determination. A district court's finding regarding drug weights is factual in nature and is therefore reviewed for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). In conducting this review, we give due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2006). Credibility determinations therefore receive deference unless they are without support in the record. United States v. Brown, 944 F.2d 1377, 1379-80 (7th Cir. 1991). Moreover, a district court is permitted to consider any relevant and reliable evidence before it imposes sentence. United States v. Bowman, 926 F.3d 380, 381 (4th Cir. 1991). After reviewing the record, we conclude that the district court properly grouped the drug counts and did not commit clear error in determining the drug weights attributable to Nichols.

Nichols next challenges the district court's finding that he obstructed justice, warranting a two-level enhancement

8

to his offense level.  We review a district court's factual findings, including those that serve as a basis for an obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1, for clear error.  United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004).  We review the district court's legal interpretation of the Sentencing Guidelines de novo.  United States v. Dawkins, 202 F.3d 211, 214 (4th Cir. 2000).

A two-level enhancement in a defendant's offense level is authorized if the defendant attempts to suborn perjury, or unlawfully influences, or attempts to influence a witness in connection with a sentencing hearing.  USSG § 3C1.1, cmt. n. 4(a), (b).  We find that the district court properly determined that Nichols had obstructed justice, warranting the two-level enhancement in his offense level.

Nichols next argues that the district court improperly found that he had a leadership role in the drug conspiracy, warranting a three-level enhancement to his offense level.  Under USSG § 3B1.1(b), a three-level enhancement is authorized "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  The enhancement under § 3B1.1(b) is justified if the defendant supervises at least one person, and the criminal activity involved five or

9

more participants. United States v. Bartley, 230 F.3d 667, 673 (4th Cir. 2000). Our review of the record leads us to conclude that the district court properly applied USSG § 3B1.1(b), and correctly increased Nichols offense level by three levels.

Accordingly, we conclude that the district court properly calculated Nichols' Guidelines range, considered the parties' arguments, made an individualized assessment on the facts presented, and adequately explained the reasons for the chosen sentence. Thus, Nichols' sentence was procedurally reasonable.

Nor was the sentence imposed substantively unreasonable. A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Here, we find that the district court correctly determined that Nichols' Guidelines range was life imprisonment, and that Nichols has failed to rebut the presumption of reasonableness accorded a sentence within the Guidelines.

Nichols also claims that the sixty-month sentence for the § 924(c) offense was improperly imposed because he received a higher mandatory minimum sentence on a different count of conviction. Nichols' argument is foreclosed by the Supreme Court's recent decision in Abbott v. United States, 131 S.Ct. 18

(2010).  Finally, Nichols' argument that twelve jurors were not present at all times during trial is without merit.

Accordingly, we affirm the district court's judgment. We deny Nichols' motion to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

11