**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4674**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALTON TRIBBLE, a/k/a Rizz, a/k/a Hot Rod,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:14-cr-00062-1)

Submitted:  February 25, 2015          Decided:  March 3, 2015

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant.  Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alton Tribble appeals his conviction and sixty-three-month sentence imposed following his guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Tribble's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court: (1) fully complied with Federal Rule of Criminal Procedure 11 in accepting Tribble's guilty plea; (2) misapplied the Sentencing Guidelines to Tribble's sentence; and (3) erred in denying Tribble's pro se motion to disallow the use of relevant conduct at sentencing. Tribble was advised of his right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm.

Pursuant to a plea agreement, Tribble agreed to waive indictment and pled guilty to a single-count information, charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). Tribble first questions whether the district court erred in accepting his guilty plea. Our review of the plea hearing reveals that the district court substantially complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy and committed no error warranting correction on plain error review.

2

See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002).  Thus, the court did not err in accepting Tribble's knowing and voluntary guilty plea.

Tribble next challenges the court's application of the Sentencing Guidelines in fashioning his sixty-three-month sentence.  Our review of the record reveals that the court's factual findings were supported by the presentence report.  The court also correctly calculated Tribble's criminal history category and total offense level in determining the Guidelines range.  Moreover, the court heard arguments from counsel on the § 3553(a) factors, adequately explained its reasoning, and provided the individualized assessment required by Gall v. United States, 552 U.S. 38, 50 (2007), in sentencing Tribble to the low-end of the range.  Thus, the court did not commit reversible error in applying the Guidelines.

We next turn to Tribble's challenge to the district court's denial of his pro se motion to disallow the use of relevant conduct at sentencing.  We have long held that "[t]he type of information to be considered by a sentencing judge is . . . unlimited," provided that such information is reliable.  United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991); see United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010) ("[A] sentencing court may give weight to any relevant information before it, . . . provided that the information has

3

sufficient indicia of reliability to support its accuracy."). The information that the court relied upon in determining the drug quantity attributable to Tribble was sufficiently reliable and accurate. Thus, the court properly denied Tribble's motion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Tribble, in writing, of the right to petition the Supreme Court of the United States for further review. If Tribble requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tribble. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4